# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| v. ) | 2:08cr0334 |
| ) | |
| OSCAR HENRY BEALE, JR. ) | |

## MEMORANDUM ORDER

Pending before the Court are DEFENDANT OSCAR HENRY BEALE, JR.'S OBJECTIONS TO TENTATIVE FINDINGS AND RULINGS (Document No. 33), which were filed on April 14, 2009. Because the sentencing hearing is scheduled for April 21, 2009, the Court will rule on the objections without the benefit of a response from the government.

Defendant initially objected to ¶ 17 of the PSI, which imposed a 4-level increase for use or possession of the firearm "in connection with another felony offense" pursuant to United States Sentencing Guideline ("USSG") §2K2.1(b)(6). Defendant also raised a related factual objection to ¶ 9 of the PSI, which states that Beale raised a handgun towards a police officer. On March 20, 2009, the Court held an evidentiary hearing at which Beale and police officer Dan Rich testified.

The incident during the early morning hours of September 23, 2006 started as a car chase and culminated in a foot chase. Briefly summarized, Beale had a gun in his waistband and pulled it out with his left hand as he ran. Officer Rich jumped out of his car in hot pursuit, and having seen Beale with a gun in his left hand, he pulled out his service weapon, and ran after Beale while loudly yelling "gun" and "stop." The Court found that Officer Rich testified, credibly, that when Beale turned and raised the gun up to about rib-level, he felt that his life was in danger. Accordingly, Officer Rich fired one shot at Beale, which missed. The Court further found that Beale had turned and raised the gun up to rib-level as part of his body movement necessary to throw the gun into the woods.

The PSI determined that the 4-level enhancement in USSG § 2K2.1(b)(6) for use of the firearm "in connection with" another felony offense was appropriate because Beale's act of pointing the firearm at Officer Rich constituted aggravated assault. At the evidentiary hearing, defense counsel clarified that Defendant was not objecting to this enhancement in its entirety, but rather, that an alternative 2-level enhancement set forth at USSG § 3C1.2 (Reckless Endangerment During Flight) should have been applied. In sum, Defendant conceded that his conduct of pulling the firearm out of his waistband and turning to throw it into the woods was reckless and that Officer Rich was fully justified in shooting at him. Defendant merely argued that he had not formed the specific intent necessary to constitute aggravated assault. As the Court framed the factual and legal issues in its Tentative Findings and Rulings:

> Officer Rich reasonably interpreted this movement as placing his life at risk and was fully justified in firing his weapon at Beale. Indeed, defense counsel clearly and repeatedly emphasized that Officer Rich's actions during the incident were entirely proper. . . . Defendant concedes that his conduct was reckless and that Officer Rich's actions were fully justified. However, Defendant maintains that he never formed any requisite intent to commit aggravated assault. Thus, Defendant contends that the enhancement in § 2K2.1(b)(6) should not apply.

The Court, in essence, determined that Defendant's argument regarding his intent did not affect the guidelines calculation. The firearm was clearly used "in connection with" the conduct and both aggravated assault and recklessly endangering another person ("REAP") qualify as felony offenses as defined in § 2K2.1(b)(6). Thus, the Court denied Defendant's objection in its Tentative Findings and Rulings.

Defense counsel admits that Beale conceded that he recklessly endangered Officer Rich, but now argues that this concession was directed to the "entire chase" and not specifically to the

firearm.  Defendant argues that the government failed to prove that Beale used the firearm in connection with REAP.  The Court cannot agree.

Defendant conceded that he acted recklessly with regard to the gun.  Beale never made a distinction between the car chase and the firearm – rather, his only argument was that he never formed the specific intent to commit aggravated assault.  Defense counsel made it very clear that Officer Rich's action in firing his service weapon at Beale was entirely proper because Beale pulled a gun out of his waistband and began to lift the gun and turn in the officer's direction.  Counsel conceded that this movement of the firearm by Beale was reckless.  *See, e.g.* Transcript at 56 ("It's not our position this was some type of violation of civil rights.  It was clearly a dangerous situation.  We are not at all trying to say otherwise; but merely because Officer Rich was justified in the actions he took doesn't mean that Mr. Beale made it aggravated assault."); Transcript at 56 ("we do not for one second dispute that there was a risk of injury, of substantial injury or death from Mr. Beale's conduct in engaging in a car chase, even a slow speed one ***and fleeing with a gun in his hand***.") (emphasis added);  Transcript at 57 ("I don't have the slightest doubt that Officer Rich when he saw Mr. Beale running with a gun in his hand, raise it to rib level, believed that he better be the first one to fire.  I think he was completely within his rights to do that and I think a lot of us who are here probably would do the exact same thing, but that does not mean Mr. Beale committed aggravated assault.  That requires specific intent to threaten the officer...."); Transcript at 60 ("what Mr. Beale is saying happened, which is he made a motion raising the gun to throw it, which was misinterpreted as a motion to turn around and point it. . . .  Nobody is at fault on Officer Rich's side.  Mr. Beale is at fault for what he was doing...."); Transcript at 64 ("The Court identified the crux of the issue, did he intentionally attempt to place the officer in

3

physical menace or did he only appear to do that. If he appeared to do that, it is not a simple assault or aggravated assault. . . . [w]e have not the slightest doubt the officer did feel threatened and that's why he discharged the firearm. We don't take issue with that action in any way.") In sum, Defendant conceded that he had recklessly endangered Officer Rich's life by the way he handled the firearm and cannot now simply disavow that position.

In any event, even assuming arguendo that Defendant's concession was more limited, the evidence was overwhelming that Beale's actions did constitute Recklessly Endangering Another Person. Officer Rich was in hot pursuit, had no place to hide, observed Beale take the firearm out of his waistband, lift it to rib level and begin to turn in his direction after ignoring his commands to stop, and reasonably believed that his life was in danger. Beale recklessly engaged in conduct with the firearm which placed Officer Rich (and himself) in danger of death or serious bodily injury. 18 Pa.C.S.A. § 2705. Thus, the Court would have reached the same result in any event.

Accordingly, DEFENDANT OSCAR HENRY BEALE, JR.'S OBJECTIONS TO TENTATIVE FINDINGS AND RULINGS (Document No. 33) are **DENIED.** The Court continues to recognize its discretion to vary from the advisory guidelines calculation as necessary to accomplish the statutory sentencing purposes.

The sentencing hearing will proceed as scheduled on April 21, 2009 at 10:00 a.m.

So **ORDERED** this 16th day of April, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Michael Ivory, AUSA
 Marketa Sims
 Peter Gawlinski, Probation